UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| **JUANITA A LEONARD** | **CIVIL ACTION NO.** |
| **VERSUS** | **JUDGE** |
| **NATIONAL OILWELL VARCO, L.P. AND ACE AMERICAN INSURANCE COMPANY** | **MAGISTRATE JUDGE** |

### NOTICE OF REMOVAL

Defendants, National Oilwell Varco, L.P. and Ace American Insurance Company, file this Notice of Removal pursuant to 28 U.S.C. § 1332 and 28 U.S.C. § 1441 and hereby remove this matter from the Docket of the 42nd Judicial District Court for the Parish of DeSoto,[1] State of Louisiana, to the docket of this Honorable Court. In support thereof, Defendants show as follows:

1.

On June 23, 2022, Juanita A. Leonard filed this lawsuit against National Oilwell Varco, L.P. and Ace American Insurance Company in the 42nd Judicial District Court for the Parish of DeSoto, State of Louisiana, bearing Case No. 83180 and entitled *"Juanita A. Leonard versus National Oilwell Varco, LP, Center and ACE American Insurance Company."*[2] A copy of Plaintiff's Petition for Damages is attached hereto as **Exhibit "A"**.

---

[1] Note, the original Petition mistakenly lists the case as being filed in the "Eleventh Judicial District Court", Parish of DeSoto. However, the suit was filed in the 42nd Judicial District Court, Parish of DeSoto.

[2] The original Petition for Damages appears to contain a typographical error in the caption, as it lists a Defendant named "Center." Defendants believe this was merely an oversight by Plaintiff counsel.

2.

Plaintiff's lawsuit seeks damages as a result of a motor vehicle accident that occurred on "September 30, 202".[3] Plaintiff alleges the accident occurred when Nicholas Moses "was attempting to pass [Plaintiff] in an eighteen wheeler truck." Plaintiff alleges her head was "slammed against the steering wheel" resulting in head trauma.

3.

Defendants desire to have this cause of action removed from the docket of the 42nd Judicial District Court for the Parish of DeSoto, State of Louisiana, to the docket of the United States District Court for the Western District of Louisiana, under the provisions of 28 U.S.C. §§ 1332 and 1441.

4.

Removal is proper because this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 which provides federal district courts with concurrent original jurisdiction in cases "where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states. . . ."

5.

The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000, "in either of two ways: (1) by demonstrating that it is 'facially apparent' from the petition that the claim likely exceeds $75,000 or (2) 'by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by affidavit-that support a finding of the requisite amount.'"[4]

---

[3] The original Petition for Damages does not specify the year the accident occurred.
[4] See *Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original); quoting *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir.1995).

6.

For purposes of this removal, it is apparent from the face of the Petition, as well as from the additional facts set forth herein, that the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff avers in his Petition for Damages she suffered a "closed head trauma injury",[5] and that the accident "caused her extreme pain and suffering and has limited her ability to walk".[6] Further, Plaintiff alleges she "now lives with constant daily pain despite having extensive therapy",[7] "is in need of surgery",[8] and "will likely need a caretaker to assist her for the rest of her life . . . ."[9]

7.

In addition, Louisiana Code of Civil Procedure Article 893 A(1) articulates the following requirements for a plaintiff pleading a specific amount of monetary damages:

> No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. . .

La. C.C.P. Art. 893, thus, requires a plaintiff to state generally that his claim is less than the jurisdictional amount, in order to establish a lack of federal jurisdiction.

8.

Here, Plaintiff has failed to allege a specific amount of damages in its Petition. Nevertheless, on the face of the pleadings, the amount in controversy meets the jurisdictional

---

[5] See Petition for Damages (Exhibit A), ¶ 5.
[6] See Petition for Damages (Exhibit A), ¶ 6.
[7] See Petition for Damages (Exhibit A), ¶ 7.
[8] See Petition for Damages (Exhibit A), ¶ 7.
[9] See Petition for Damages (Exhibit A), ¶ 8.

requirement of $75,000, as it is facially apparent from the facts set forth above, that based upon a "preponderance of the evidence," the amount in controversy exceeds the jurisdictional amount of $75,000. [10]

9.

While Defendants admit neither liability nor any element of damages, Defendants have clearly met their burden of establishing that it is apparent from the face of the pleadings that the amount in controversy is in excess of $75,000, exclusive of interest and costs.

10.

In addition, complete diversity exists herein. According to the Petition, Plaintiff, Juanita Leonard, is "a resident and domiciliary of Shreveport, Caddo Parish, Louisiana" [11]

11.

Further, Defendant, National Oilwell Varco, L.P., is a Delaware limited partnership. The domicile of a limited partnership is determined with reference to each of its partners. [12] National Oilwell Varco, L.P.'s sole general partner is NOW Oilfield Services, LLC, and its sole limited partner is NOV TV2, LLC, both of which are Delaware limited liability company. The domicile of a limited liability company is determined with reference to each of its members. [13] The sole member of both NOW Oilfield Services, LLC, and NOV TV2, LLC, is NOV GP Holding, L.P. The sole general partner of NOV GP Holding, L.P., is NOV GP1 Holding, LLC, a Delaware limited liability company, and the sole limited partner is Grant Prideco, Inc., a Delaware corporation. The sole shareholder of Grant Prideco, Inc. is National Oilwell Varco, Inc., a

---

[10] See *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995).
[11] See Petition for Damages (Exhibit A), preamble.
[12] See *Settlement Funding v. Rapid Settlements*, 851 F.3d 530, 536–537 (5th Cir. 2017) (removal notice failed to allege complete diversity because it did not allege citizenship of each member of partnership and LLC litigants).
[13] See *Id.*

Delaware corporation and publicly traded company. All of the foregoing entities have their headquarters and principal places of business in Houston, Texas, where their high-level officers direct, control and coordinate the entities' activities. Therefore, for purposes of diversity jurisdiction, NOV is a citizen of Delaware and Texas.

12.

Defendant, ACE American Insurance Company, is a foreign insurer duly organized under the laws of the State of Pennsylvania, with its principal place of business in the State of Pennsylvania.

13.

Accordingly, there is complete diversity of citizenship between plaintiff and defendants.

14.

In light of all of the foregoing, this is a civil action over which the United States District Court for the Western District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. § 1332 et seq., as the amount in controversy, exceeds $75,000, exclusive of interest and costs, and complete diversity exists between all adverse parties.

15.

Under 28 U.S.C. § 1441(a), any civil action brought in a State court of which the district courts of the United States have original jurisdiction may be removed by the defendants to the district court for the "district and division embracing the place where such action is pending." DeSoto Parish is located within the United States District Court, Western District of Louisiana. Therefore, the Western District is the "district and division embracing the place where such action is pending."

16.

Jurisdiction is founded on the existence of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal courts concurrent original jurisdiction over claims where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different States.

17.

A notice of removal of a civil action must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . ."[14] The Petition for Damages was served upon Ace American Insurance Company through the Louisiana Secretary of State on July 8, 2022. As such, this Notice of Removal is timely under 28 U.S.C. § 1446(b)(1).

18.

Both Defendants consent to removal in compliance with 28 U.S.C. § 1446(b)(2)(A).

19.

The action was filed on June 23, 2022. As such, the action has been pending for less than one year in compliance with 28 U.S.C. § 1446(c)(1).

20.

Pursuant to 28 U.S.C. § 1446(a), a copy of the Petition and all other process, pleadings and orders served on Defendants and filed in the state court are attached hereto and marked for identification as **Exhibit "B"**. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Clerk of Court for the 42nd Judicial District Court for the Parish of DeSoto, State of Louisiana.

---

[14] 28 U.S.C. § 1446(b)(1).

21.

No previous application has been made for the relief requested herein.

22.

Lastly, the Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and Uniform Local Rules of the District Courts. Thus, all procedural requirements have been met for removal of this matter herein.

**WHEREFORE,** Defendants, National Oilwell Varco, L.P. and Ace American Insurance Company, pray that the above numbered and entitled cause of action on the docket of the 42nd Judicial District Court for the Parish of DeSoto, State of Louisiana, be removed from said court to the docket of the United States District Court for the Western District of Louisiana, and for all other general and equitable relief.

Respectfully submitted,

BY: /s/Cynthia G. Sonnier
CYNTHIA G. SONNIER (#24651)
BRANDON M. VERRET (#37903)
**LEWIS BRISBOIS BISGAARD & SMITH**
100 E. Vermilion Street, Suite 300
Lafayette, LA 70501
Phone: (337) 326-5778
Fax: (337) 504-3341
E-Mail: Cynthia.Sonnier@lewisbrisbois.com
            Brandon.Verret@lewisbrisbois.com

*Counsel for National Oilwell Varco, L.P. and ACE American Insurance Company*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing has been filed electronically with the Clerk of Court and served upon all counsel of record using the Court's CM/ECF system.

Lafayette, Louisiana this 5th day of August, 2022.

                          /s/Cynthia G. Sonnier
                          CYNTHIA G. SONNIER