**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

JUANITA LEONARD                                  CIVIL ACTION NO. 22-2457

VERSUS                                                   JUDGE S. MAURICE HICKS, JR.

NATIONAL OIL WELL VARCO, L.P.,        MAGISTRATE JUDGE MCCLUSKY
ET AL.

**MEMORANDUM RULING**

Before the Court is a Motion for Partial Summary Judgment (Record Document
23) filed by Plaintiff Juanita Leonard ("Leonard"). Leonard seeks summary judgment as
to the issue of liability alone. See Record Document 23. Defendants, Nickolas Moses
("Moses"), National Oilwell Varco, L.P. ("NOV"), and ACE American Insurance Company
(collectively, "Defendants"), filed an opposition to the motion. See Record Document 25.
Leonard filed a reply. See Record Document 27. For the reasons set forth below, the
Motion for Partial Summary Judgment is **DENIED**.

**FACTUAL AND PROCEDURAL BACKGROUND**

The present suit arises out of motor vehicle accident that occurred on September
30, 2021. See Record Document 6 at 2. Leonard alleges that she was traveling north on
I-49 in Desoto Parish when Moses rear-ended her vehicle. See id. At the time of the
accident, Moses was driving an eighteen-wheeler truck in the course and scope of his
employment with NOV. See id. Leonard alleges that the impact from Moses's truck totaled
her vehicle and caused her severe personal injuries. See id.

The parties agree that at the time of the accident, Leonard "was properly in her
lane of traffic." See Record Document 23-3 at 1; Record Document 25-4 at 1. The parties
also agree that Officer Curnutte, who arrived on the scene and investigated the accident,

found no skid marks on the highway, thus indicating that Moses did not use his brakes prior to hitting Leonard's vehicle. See Record Document 23-3 at 2; Record Document 25-4 at 2. However, the parties disagree as to many of the remaining facts surrounding the accident. See Record Document 23-3; Record Document 25-4. Defendants assert, based on the testimony given at Moses's deposition, that a third-party Dodge truck driver travelling at a high speed created a sudden emergency on the highway, leaving Moses with no choice but to swerve and clip the back of Leonard's vehicle. See Record Document 25 at 2–3. Defendants also contest Leonard's assertion that she was driving at an appropriate speed at the time of the accident. See id. at 2.

In her Motion for Partial Summary Judgment, Leonard argues that there is no genuine despite of material fact as to the negligence and carelessness of Moses. See Record Document 23-2 at 2. Leonard focuses on the fact that "Moses collided with [Leonard's] vehicle from the rear" and that "[D]efendants have failed to deny the fact that [Leonard] was hit in the rear of her vehicle." Record Document at 27 at 1–2. Because Moses collided with Leonard's vehicle and Leonard herself committed no traffic violations, Leonard asserts that she is entitled to judgment as a matter of law on the issue of liability. See id. at 3.

In opposition, Defendants argue that there are several genuine disputes of fact that preclude summary judgment. See Record Document 25 at 3. Specifically, Defendants assert that "both the application of the sudden emergency doctrine and an allocation of comparative fault involve factual determinations which fall solely within the purview of the trier of fact." Id. Defendants argue that both the third-party Dodge truck

2

and Leonard's own slow rate of speed may have contributed to the accident, thus precluding summary judgment on the issue of Defendants' liability. See id.

## LAW AND ANALYSIS

### A. Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Quality Infusion Care, Inc. v. Health Care Serv. Corp., 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Patrick v. Ridge, 394 F.3d 311, 315 (5th Cir. 2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." Gen. Universal Sys., Inc. v. Lee, 379 F.3d 131, 141 (5th Cir. 2004).

The court cannot, "in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." McCallum Highlands v. Washington Capital Dus, Inc., 66 F.3d 89, 92 (5th Cir. 1995). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. See Boudreaux v. Swift Transp. Co., 402 F.3d 536, 540 (5th Cir. 2005). However, the Court must view all evidence in the light most

favorable to the non-movant. See Gunaca v. State of Tex., 65 F.3d 467, 469 (5th Cir. 1995).

"A partial summary judgment order is not a final judgment but is merely a pre-trial adjudication that certain issues are established for trial of the case." Streber v. Hunter, 221 F.3d 701, 737 (5th Cir. 2000).  Partial summary judgment serves the purpose of rooting out, narrowing, and focusing the issues for trial. See Calpetco 1981 v. Marshall Exploration, Inc., 989 F.2d 1408, 1415 (5th Cir. 1993).

### B. Analysis

While the parties agree generally that Moses collided with Leonard on I-49 while operating an eighteen-wheeler in the course and scope of his employment with NOV, the parties clearly disagree on significant details concerning how this collision happened. In her motion, Leonard focuses solely on the fact that Moses hit the back of Leonard's vehicle and that Leonard herself did not commit any traffic violations. See Record Document 23-2 at 6. However, in response to Leonard's motion, Defendants produced several additional pieces of evidence that create a genuine dispute of material fact as to the issue of liability. See Record Document 25.

Defendants have asserted both the sudden emergency doctrine and the doctrine of comparative fault in defense of this lawsuit, and they have provided evidence in the form of deposition testimony from Leonard, Moses, and Officer Curnutte showing that these doctrines may apply here. See id. at 5–9. For example, in his deposition, Moses stated that when he attempted to change lanes to pass Leonard, he observed a Dodge truck approaching. See Record Document 25 at 7 (Exh. 1, Moses Depo., p.17:14–21). Moses believed he had enough time to safely pass Leonard; however, Moses stated that

when he began to cross the center line, he realized the Dodge truck was moving towards him much faster than expected. See id. Moses claimed he had to quickly move back into Leonard's lane to avoid one collision, only to cause another collision. See id.

Under Louisiana law, "the application of the sudden emergency doctrine requires factual determinations concerning whether the driver was confronted with imminent peril and whether there was sufficient time to consider and weigh the circumstances in order to take action to avoid an impending danger." Manno v. Gutierrez, 934 So. 2d 112, 117 (La. App. 1 Cir. 3/29/06). While there may be some cases where the sudden emergency doctrine can be applied at the summary judgment stage, Louisiana courts typically decline to do so, finding that it is "rarely appropriate." See id. at 117–18. This Court agrees that the application of the sudden emergency doctrine requires multiple fact determinations, which are better left to the trier of fact.

Further, Defendants argue that under the comparative fault doctrine, a trier of fact could assign fault to Leonard or the Dodge truck driver, based on their interpretation of the evidence and the credibility of the witnesses. See Record Document 25 at 8; see also La. Civ. Code art. 2323. "Because Louisiana law requires a full apportionment of fault among all potentially responsible parties, summary judgment is not appropriate if reasonable minds could disagree about the apportionment of fault." McCoy v. Energy XXI GOM, L.L.C., 695 F. App'x 750, 756 (5th Cir. 2017). The Court finds that reasonable minds could differ as to the responsibility of the third-party truck driver, who may have been travelling at an impermissibly high speed, Leonard, who may have been driving at a very low speed, and Moses. See Record Document 25 at 9. These facts are material to

the resolution of this matter, and their determination affects the apportionment of liability to each of the parties.

Because factual disputes still remain at this stage of litigation, this Court declines to grant summary judgment in favor of Leonard on the issue of liability. See McCoy, 695 F. App'x at 756 (stating that "unless the summary judgment evidence shows truly undisputed material facts, summary judgment is not appropriate").

## CONCLUSION

Based on the reasons explained above,

**IT IS ORDERED** that Leonard's Motion for Partial Summary Judgment (Record Document 23) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 6th day of July, 2023.

S.MAURICE HICKS, JR., DISTRICT JUDGE
UNITED STATES DISTRICT COURT